UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 11-83-JBC

CHRISTOPHER A. COX,                                                      PLAINTIFF,

V.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Cox's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant Cox's motion, R. 11, in part and deny it in part; deny the Commissioner's motion, R. 12; and remand this case to the Social Security Administration for further consideration.

Christopher A. Cox filed DIB and SSI applications on August 12, 2008, at which time he was 29 years old, alleging disability beginning August 31, 2007, due to depression from a bipolar disorder, paranoia, and loss of hearing. AR 118-27, 148. He had a ninth-grade education and work experience as a sales associate, factory laborer, and parts inspector. AR 49, 166-71. After initial and reconsideration denials, Administrative Law Judge ("ALJ") Charles J. Arnold issued a decision on October 29, 2010, finding that Cox was not under a disability and not entitled to benefits. AR 17-25. Using the traditional five-step analysis set out

1

at 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920, the ALJ found that Cox had not engaged in substantial gainful activity since the alleged onset date; that he had severe impairments consisting of bipolar disorder, a mood disorder, an anxiety disorder, and a left-ear hearing deficit; that his impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but was limited to low stress work with only minor public contact, no judgment or decision-making, no fast-paced work (e.g., on conveyor belts, etc.) and no hazards in the workplace and no requirement for hearing in his left ear; and that, based on testimony of a Vocational Expert ("VE") in response to a hypothetical question incorporating the RFC, there were a significant number of unskilled jobs existing in the economy which he could perform taking into account his age, education, and work experience. AR 17-24. The Appeals Council declined to review, and this action followed.

Cox asserts on review that: (1) the ALJ's RFC evaluation did not comply with applicable Social Security regulations and rulings for evaluation of his credibility and the medical evidence; and (2) the failure to properly evaluate his RFC was a violation of a substantial procedural right.

The ALJ's assessment of Cox's credibility was not in accordance with the regulations and applicable Sixth Circuit case law. Credibility findings are entitled to great deference. *Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). Although given great weight, they still must be supported by

substantial evidence. *Walters v. Comm'r of Social Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). The Commissioner has set out detailed and in some respects complex standards which an ALJ must follow to assess a claimant's credibility.

Social Security Ruling ("SSR") 96-7p states that where, as here, an underlying medical impairment that can reasonably be expected to produce a claimant's pain or other symptoms has been shown, but the claimant's statements about the intensity, persistence or functionally limiting effects of pain or other symptoms cannot be substantiated by objective evidence, the adjudicator must make his credibility finding "based on a consideration of the entire case record." *Id.* at *2. *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994) emphasized that an ALJ decision finding the claimant's subjective complaints not credible only because of the content of the medical record was contrary to the Commissioner's regulations. The court cited 20 C.F.R. § 404.1429(c)(2), which provides that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." The ALJ is required to also consider other factors outlined in the regulations, including daily activities, location, duration, frequency, and intensity of pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medication, treatment other than medication, and any measures used by the claimant to relieve pain. *Felisky*, 35 F.3d at 1039-40.

The ALJ's decision found only that Cox's testimony was "credible as to the existence of his limitations but not as to their degree," and that while his medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of the symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 23. The opinion lacks any reasoning to support this conclusion other than a statement that the RFC was supported because Cox, whose most serious problems were mental, had "not generally received the type of medical treatment one would expect for a totally disabled individual," and because there was a lack of medically determinable impairments substantiated by appropriate tests and laboratory findings. The ALJ then made the conclusory statement that Cox had "chosen the lifestyle of a valetudinarian, an invalid or semi-invalid, not borne out by either his medical treatment, or the related tests." *Id.*

"[I]t is a questionable practice to chastise one with a mental limitation for the exercise of poor judgment in seeking rehabilitation." *Blankenship v. Sec'y of Health and Human Servs.,* 874 F.2d 1116, 1124 (6th Cir 1989). Consistent with *Felisky*, the *Blankenship* court specifically held that it was error to find a claimant's complaints "less than credible given a perceived paucity of medical proof." Lack of medical proof "should not be a determinative factor in a credibility assessment." *Id.*

The ALJ's credibility determination is not only impermissibly based solely on supposed inconsistency with the medical evidence, it does not meet the

4

requirement of the regulations that the "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual statements and reasons for that weight." SSR 96-7p, at *4. Because the ALJ made insufficient findings regarding Cox's mental impairments, the court cannot evaluate whether his credibility determinations were supported by substantial evidence.

For instance, the ALJ summarizes a consultative mental status evaluation by psychologist G. Stephen Perry, who diagnosed recurrent severe major depression, a history of alcohol and marijuana abuse in remission, and a Global Assessment of Functioning ("GAF") score of 50-55. A GAF score of 50 represents "serious symptoms...[or] serious impairment in social, occupational, or school functioning" while a score of 51-60 represents "moderate symptoms...[or] moderate difficulty in social, occupational, or school functioning." DSM-IV-TR, at 34. The ALJ noted Perry's conclusion that Cox "seems to have much difficulty tolerating stressful situations," but did not mention Perry's belief that he was "likely to have difficulty getting along with others as he has in the past," and that his ability to work at a rate similar to others his age "seems to be delayed." Nor did he discuss the implications of the GAF score. AR 20, 261. Perry's report presents more limitations than the ALJ's summary and is inconsistent with the RFC finding, which limited "public contact" but not contact with coworkers and supervisors.

The ALJ's decision noted an opinion from a non-examining state agency psychologist, Jay Athy, that Perry's report did not preclude the performance of simple, routine tasks in a simple, routine setting, but Athy also indicated at least a moderate limitation on Cox's ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 277-79.

Likewise, the ALJ summarized Cox's treatment at Seven Counties Services, an outpatient mental health clinic, by indicating that Cox had suicidal ideation and was in a manic, hyperactive phase at some of his visits in 2008, but had shown improvement and was less anxious by August, 2009, and was reporting no new problems as of March 9, 2010. AR 20-21. He did not mention that on April 26, 2010, the therapist described Cox as being in "a near psychotic state with anxiety, cutting, paranoia and hopelessness all present to an extent not previously seen." AR 395. He was not taking his medication correctly and his thoughts were disorganized and racing. *Id.* He showed improvement on a subsequent visit, AR 392, but the Seven Counties therapist reported on July 15, 2010 that Cox had made no progress and wanted to use marijuana to "shut off voices in his head." AR 388-89. While these incidents do not prove Cox's disability, they do show the course of his therapy at Seven Counties was not as smooth as the ALJ implied.

Finally, as Cox notes, the ALJ's statement that a "lack of any finding of disability" from a medical source is "powerful evidence that the claimant is not disabled and the [ALJ] gives it great weight," AR 23, is curious in light of the Commissioner's oft-cited regulation that statements regarding "disability" are not

medical opinions, are reserved to the Commissioner, and not entitled to special significance. 20 C.F.R. § 404.1527(e). The ALJ found that Cox carried his burden at Step Four of showing that he could not perform his past relevant work. AR 23. The burden then shifted to the Commissioner to show that there was work existing in the economy which could be performed by an individual with Cox's vocational profile and RFC. *Her v. Comm'r of Social Sec.,* 203 F.3d 388, 391 (6th Cir. 1999). The presence or absence of a conclusory statement regarding disability at this step of the sequential evaluation is of minor significance at most.

Accordingly,

**IT IS ORDERED** that Cox's motion for summary judgment, R. 11, is **GRANTED** in part, **DENIED** in part and that the case is hereby **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 12, is **DENIED**.

Signed on July 6, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY